IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REGINA JACKSON AND RUDOLF WILLIAMSON, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF RACHEL JACKSON, DECEASED *Plaintiffs,* | § § § § § § | |
| | § | Case No. A-10-CA-522-SS |
| vs. | § § | |
| JOHN S. FORD, M.D., and TRAVIS COUNTY, TEXAS *Defendants.* | § § § | |

## DEFENDANT TRAVIS COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUBSTITUTION OF PARTY AND MOTION TO DISMISS THE ESTATE'S SURVIVAL CLAIMS

TO THE HONORABLE COURT:

COMES NOW Defendant Travis County, by and through its attorney, the Travis County Attorney, and respectfully moves this Court to deny Plaintiffs' Motion for Substitution of Party, and in support thereof would respectfully show the following:

### A. Introduction

Plaintiffs' motion states that Defendants are opposed to this substitution of party. Defendant Travis County joins in Dr. Ford's Response in Opposition and further argues that as the Plaintiffs lack capacity to sue on behalf of the estate and in fact, never had that capacity, the estate's survival claims should be subject to dismissal.

### B. Background

On July 14, 2010, exactly one week prior to the statute of limitations deadline, Plaintiffs filed their lawsuit naming Defendants John S. Ford, M.D. and Travis County, Texas. **[Dkt. 1]** On August 10, 2010, Defendant Travis County, Texas filed its Answer, Affirmative Defenses and Demand for Jury Trial. **[Dkt. 6]** In its Answer, at that early stage of litigation, Travis County

asserted as a defense that Plaintiffs may lack standing and capacity to sue on behalf of the estate. **[Dkt. 6 at pp. 18 & 19]** Throughout the discovery process, Plaintiffs were sent interrogatories and both were deposed, yet nothing was ever revealed about a necessity for the probate of Rachel Jackson's estate, even when one of the Plaintiffs was asked directly. **[Ex. A]** On December 5, 2011, the day before the Court's Pretrial Status Conference, Plaintiffs filed a Motion for Sean M. Lyons and Scott M. Hendler to Withdraw as Attorneys in Charge due to a conflict of interest and a Motion for Continuance. **[Dkts. 77 and 78]** As a result of Plaintiffs' Motions, Travis County's counsel conducted their own investigation, revealing that there had been an administration of Rachel Jackson's estate more than two months prior to the Pretrial Status Conference, naming Rachel Jackson's sister Administrator. [**Dkt. 88-2**] During the administration proceedings, the Probate Court's records document that D'Ambra Jackson pled that administration of the estate was necessary. [**Dkt 89-1 at pp. 2 & 3**] Further, the probate court found that administration was necessary. [**Dkt. 88-2**] Under Texas law, if an administration of an estate is necessary, than an heir is unable to sue on its behalf. *Shepherd v. Ledford*, 962 S.W. 2d 28, 41 Tex. Sup. Ct. J. 333 (1998). Travis County concedes that both named Plaintiffs have presented themselves as the biological parents of Rachel Jackson, but disputes that either one of them is or has ever been entitled to sue on her estate's behalf.

## **C. Argument**

As biological parents of the deceased, Plaintiffs should be heirs.[1] Tex. Prob. Code §38. Normally, it is not the heir but the personal representative of the estate who has the capacity to bring a survival claim. *Frazier v. Wynn*, 472 S.W. 2d 750, 752, 15 Tex. Sup. Ct. J. 25 (Tex. 1971). The Texas Supreme Court has outlined the specific circumstances wherein an heir may

---

[1] Travis County is unwilling at this stage to concede that either or both of the Plaintiffs are actually heirs, as there have been several surprises in this case, and counsel is currently investigating whether parental rights were terminated for either Plaintiff, which would have a detrimental effect on their right to sue. *See Ramirez v. Bexar County*, 2011 U.S. Dist. LEXIS 111678 (2011).

263187–1                                        2

be entitled to sue on behalf of the decedent's estate. *Shepherd v. Ledford*, 962 S.W. 2d 28, 41 Tex. Sup. Ct. J. 333 (1998). An heir can sue on behalf of the decedent's estate "if the heir alleges and proves that there is no administration pending and none necessary" *Id*. In Regina Jackson and Rudolf Williamson's case, another court has already documented that administration was necessary, and the administration occurred long after the statute of limitations in this case passed. [**Dkt 88-2**]

The Travis County, Texas Probate Court found that administration was necessary and determined that D'Ambra Jackson should be the administrator of Rachel Jackson's estate on September 20, 2011, more than three years after Rachel Jackson's death. [**Dkt 88-2**] As no federal statute of limitations exists for §1983 actions, and all that remain in this case are the Texas state claims of action, federal courts apply the forum state's general statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, L.Ed. 2d 594 (1989); *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513 (5th Cir. 1998). In Texas, the applicable period is two years. Tex. Civ. Prac. & Rem. Code 16.003(a). Therefore, the administration of the estate determining the proper representative to sue on behalf of Rachel Jackson's estate occurred more than one year after the statute of limitations expired. Plaintiffs now seek to substitute D'Ambra Jackson as the administrator of the estate, but there is no Texas case law entitling a separate and different plaintiff to cure the lack of capacity of the original plaintiffs. A federal court in the Western district addressing the capacity of a plaintiff to sue on behalf of an estate noted that "[a]lthough the Supreme Court of Texas has allowed alleged personal representatives to obtain the probate court's authority to represent an estate after filing a lawsuit on behalf of an estate, that court has not permitted subsequent pleadings to create jurisdiction over new parties retroactive to the original filing of the suit." *Ramirez v. Bexar County*, 2011 U.S. Dist. LEXIS 111678 (2011).

Travis County challenged Plaintiffs' capacity to sue in their original answer to Plaintiffs' complaint. [Dkt. 6] Plaintiffs did not have the capacity to sue on behalf of Rachel Jackson's

estate and they have failed to properly cure that defect. Plaintiffs may be able to sue for their own loss, but they are not legally entitled to assert the survival claims of Rachel Jackson. Although the Scheduling Order's deadline for dispositive motions has passed, we now urge the Court to dismiss the survival claims because it has only now come to the attention of the Defendants and the Court.

**WHEREFORE, PREMISES CONSIDERED,** Travis County respectfully requests that this Court deny Plaintiffs' Motion for Substitution of Party and dismiss the estate's survival claims.

Respectfully submitted,

**DAVID A. ESCAMILLA**
County Attorney, Travis County
P. O. Box 1748
Austin, Texas 78767
Telephone: (512) 854-9513
Facsimile: (512) 854-4808

By: /s/ Jennifer Kraber
Elaine Casas
Assistant Travis County Attorney
State Bar No. 00785750

Jennifer Kraber
Assistant Travis County Attorney
State Bar No. 24027426

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of January 2012, I electronically filed that foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elaine A. Casas
Jennifer Kraber
P.O. Box 1748
Austin, Texas 78767
**Attorneys for Defendant Travis County**

Paul Byron Starr
301 Congress Avenue, Ste. 1700
Austin, Texas 78701
**Attorney for Co-Defendant Dr. Ford**

Plaintiffs Regina Jackson & Rudolf Williamson
c/o Sean M. Lyons, Attorney and Scott Hendler, Attorney
Henderlaw, P.C.
1301 West 25th Street, Suite 400
Austin, Texas 78705
**Attorneys for Plaintiffs**

                                                          /s/ Jennifer Kraber
                                                          Elaine Casas
                                                          Jennifer Kraber
                                                          Assistant County Attorneys

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| REGINA JACKSON AND RUDOLF WILLIAMSON, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF RACHEL JACKSON, DECEASED *Plaintiffs*, vs. JOHN S. FORD, M.D., and TRAVIS COUNTY, TEXAS *Defendants*. | § § § § § § § § § § § | Case No. A-10-CA-522-SS |

## ORDER

On this date came on to be considered Plaintiffs' Motion for Substitution of Party, and Defendant Travis County's Response to Plaintiffs' Motion for Substitution of Party. After careful consideration of the Motion, Travis County's Response, and the pleadings filed by the parties, the Court is of the opinion that the Motion has no merit and should be DENIED. Additionally, having noted that Plaintiffs lack capacity to sue on behalf of the Estate, the Estate's claims are herein dismissed. Accordingly, it is

ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion for Substitution of Party is DENIED and Travis County's Motion to Dismiss the Estate's Claims is GRANTED.

SIGNED this _____ day of _____ 2012.

_____
UNITED STATES DISTRICT JUDGE

263187–1                                                   6