IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| REGINA JACKSON AND RUDOLF WILLIAMSON, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF RACHEL JACKSON, DECEASED *Plaintiffs*, <br><br> vs. <br><br> JOHN S. FORD, M.D., and TRAVIS COUNTY, TEXAS *Defendants.* | § § § § § § § § § § § <br><br> Case No. A-10-CA-522-SS |

## DEFENDANT TRAVIS COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE

TO THE HONORABLE COURT:

COMES NOW Defendant Travis County, by and through its attorney, the Travis County Attorney, and respectfully moves this Court to deny Plaintiffs' Motion in Limine:

### I. Argument

The Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other Rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. "Relevant evidence" is defined as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Id.* 401. Rule 401's basic standard of relevance is a liberal one. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 587 (1993). A trial court may exclude relevant evidence if its probative value is *substantially* outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The scope of Rule 403 is narrow: "the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007) (quoting *United States v. Pace,* 10 F.3d 1106, 1116 (5th Cir. 1993)).

264138-1

Travis County is currently looking into the Plaintiffs' grounds for excluding evidence, however, in light of the liberal standard of Rule 401 and the stringent standard of Rule 403, Travis County objects, at the minimum, to the following proposed exclusions:

**Plaintiffs' Motion in Limine #1**: "Any evidence, statement or argument concerning **the details of Rachel Jackson's arrest on July 15, 2008 or previous arrests or incarcerations,** as those details are not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b). To the extent such details are probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #1**: Evidence concerning the details of Rachel Jackson's arrest on July 15, 2005 or previous arrests or incarcerations is relevant to and probative of the following issues: (1) Rachel Jackson's knowledge of how the prison healthcare system operated; (2) Travis County's care of Rachel Jackson in the past; (3) Rachel Jackson's contributory negligence; and (4) Rudolf Williamson's and Regina Jackson's claims for loss consortium and mental anguish damages. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. *See* Fed. R. Evid. 403. Rule 404(b) is not applicable because this evidence is not being offered to prove Rachel Jackson's character in order to show that on a particular occasion she acted in accordance with that character. *See id*. 404(b).

**Plaintiffs' Motion in Limine #2**: "Any evidence, statement or argument concerning **Rachel Jackson's behavior at any time before July 17, 2008,** as her behavior at that time is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b). To the extent such behavior is probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #2**: Evidence concerning Rachel Jackson's behavior at any time before July 17, 2008 is relevant to and probative of causation and contributory negligence. Specifically, this evidence is relevant to whether Rachel Jackson's drug use five days prior to her death was a proximate cause of her death. Evidence of Rachel Jackson's behavior is also relevant to and probative of the following: (1) Rachel Jackson's pre-existing condition(s); (2) the level of care Rachel Jackson received upon admission to the Travis County Correctional Complex ("TCCC"); and (3) the reason Rachel Jackson was housed in a "slick cell" upon her admission to TCCC. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. *See* Fed. R. Evid. 403. Rule 404(b) is not applicable because this evidence is not being offered to prove Rachel Jackson's character in order to show that on a particular occasion she acted in accordance with that character. *See id*. 404(b).

**Plaintiffs' Motion in Limine #3**: "Any evidence, statement or argument concerning **Rachel Jackson's alleged use of PCP or "wet,"** since any suggestion that she did so is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b). To the extent such behavior is probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403. Further, any such evidence is objectionable as hearsay, and because it is not based upon personal knowledge or stated by a competent witness. Fed. R. Evid. 801, 802, 601, 602." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #3**: Evidence concerning Rachel Jackson's use of PCP or "wet" on July 15, 2008 is relevant to and probative of the jury's determination of causation and contributory negligence. Specifically, Rachel Jackson's drug use on July 15, 2008 is relevant to the

state of her health and the jury's determination of whether Rachel Jackson's overdosing on July 15, 2008 contributed to her death on July 20, 2008. There is evidence demonstrating that Rachel Jackson was taking "wet" (a drug mixture including formaldehyde) immediately prior to her incarceration on July 15, 2008. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. Fed. R. Evid. 403. Rule 404(b) is not applicable because this evidence is not being offered to prove Rachel Jackson's character in order to show that on a particular occasion she acted in accordance with that character. *See id.* 404(b). Rachel Jackson's statements are excluded from the hearsay rule and are admissible pursuant to the following Federal Rules of Evidence: Rule 803(3) (Then-Existing Mental, Emotional, or Physical Condition); Rule 803(4) (Statement Made for Medical Diagnosis or Treatment); and Rule 804(b)(3) (Statement Against Interest). *Id.* 803(3)–(4), 804(b)(3).

**Plaintiffs' Motion in Limine #5**: "Any evidence, statement or argument concerning **the criminal record or criminal behavior of any of Rachel Jackson's friends, boyfriends, or family members,** as such details are not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b). To the extent such details are probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #5**: Evidence concerning the criminal record or criminal behavior of family members such as Regina Jackson and Rudolf Williamson is directly relevant to the the Plaintiffs' request for loss of consortium (or loss of companionship and society) damages and mental anguish damages. "Loss of companionship and society" means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Regina Jackson and/or Rudolf Williamson, in reasonable probability, would have received from Rachel Jackson had she lived. *See Moore v. Lillebo*, 722 S.W.2d 683, 688 (Tex. 1986); 2010 Texas Pattern Jury Charge 81.6. In determining whether Plaintiffs are entitled to mental anguish and loss of society and companionship damages, if any, the jury must be instructed that it may consider (1) the relationship between Rachel Jackson and her parents; (2) the living arrangements of the parties; (3) any extended absences from one another; (4) the harmony of their family relations; and (5) common interests and activities. *See Moore*, 722 S.W.2d at 688. Both Regina Jackson and Rudolf Williamson were incarcerated in prison for different periods of time due to their criminal behavior and were therefore absent from Rachel Jackson's life. Accordingly, Plaintiffs' criminal convictions and any resulting prison sentences are directly relevant to the jury's consideration of all of the forgoing factors. Furthermore, this evidence is admissible to impeach each of the Plaintiffs' character for truthfulness for any crime that was punishable by imprisonment for more than one year or required proving a dishonest act or false statement. Fed. R. Evid. 609(a). To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. *Id.* 403. Finally, Rule 404(b) is not applicable because this evidence is not being offered to prove Regina Jackson's or Rudolf Williamson's character in order to show that on a particular occasion they acted in accordance with that character. *See id.* 404(b).

**Plaintiffs' Motion in Limine #7**: "Any evidence, statement or argument that **Rachel Jackson had income from criminal activity, or that her parents encouraged, aided or abetted, or received any benefit from Rachel Jackson's criminal activity**, as such is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b). To the extent evidence of this nature is probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #7**: Evidence regarding whether Rachel Jackson had income from criminal activity or whether her parents encouraged, aided or abetted, or received any benefit from Rachel Jackson criminal activity is relevant to and probative of Plaintiff's request for loss of consortium and mental anguish damages. To the extent such details present any danger

of prejudice, the probative value of this evidence substantially outweighs that danger. Fed. R. Evid. 403. Rule 404(b) is not applicable because this evidence is not being offered to prove Rachel Jackson's character in order to show that on a particular occasion she acted in accordance with that character. *See id.* 404(b).

**Plaintiffs' Motion in Limine #8**: "Any evidence, statement or argument that **Rachel Jackson's behavior, mental illness or physical defect, specifically the cyst found in her brain on autopsy, was the result of either parent's alcohol use, drug use or addiction issues**, as there is no competent or qualified evidence for such a suggestion, and it is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b), 601, 602, 701, 702, 703. To the extent such behavior is probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #8**: Evidence regarding whether the cyst found in Rachel Jackson's brain was the result of Regina Jackson's or Rudolf Williamson's alcohol or drug is relevant to the jury's determination of contributory negligence because there is evidence that the cyst found in Rachel Jackson's brain may have caused her death. Furthermore, Plaintiffs' expert witness on causation, Dr. Dolinak, that it was possible that the cyst could have resulted from Regina Jackson taking illegal drugs during Rachel Jackson's pregnancy. Accordingly, this competent and qualified evidence satisfies the requirements of Rules 601 (competency to testify), 602 (need for personal knowledge), 701 (opinion testimony of law witness), 702 (testimony by expert witness), and 703 (bases of an expert's opinion testimony). *See* Fed. R. Evid. 601, 602, 701, 702, 703. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. *Id.* 403. Finally, Rule 404(b) is not applicable because this evidence is not being offered to prove Regina Jackson's or Rudolf Williamson's character in order to show that on a particular occasion they acted in accordance with that character. *See id.* 404(b).

**Plaintiffs' Motion in Limine #12**: "Any evidence, statement, or argument of **other crimes, wrongs, or acts to prove the character of Regina Jackson** to show that she acted in conformity therewith at any other time in question, or that she has a character for untruthfulness. *See* Fed. R. Evid. 404(b), 608. Such conduct is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b). To the extent conduct is probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403.

Specifically, Defendants should be prohibited from introducing evidence concerning Regina Jacksons:

1. Alleged transience.
2. Alleged assaultive behavior
3. Alleged making of false reports to authorities.
4. Alleged open container and public intoxication violations.
5. Alleged theft.
6. Alleged blue warrants.
7. Alleged illicit drug use and need for drug rehabilitation." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #12**: Evidence of crimes, wrongs, or other acts by Regina Jackson are admissible under Rule 609 for impeachment purposes. Fed. R. Evid. 609(a). Regina Jackson's theft by check conviction is admissible because the required elements of the crime required proving a dishonest act or false statement. *Id.* 609(a)(2). Furthermore, evidence related to Regina Jackson's alleged transience and assaultive behavior is relevant to Regina Jackson's relationship with Rachel Jackson. Thus, this evidence is relevant to and necessary for the jury to determine Regina Jackson's mental anguish and loss of society and companionship damages, if any. *See Moore*, 722

S.W.2d at 688 (holding that "[i]n awarding damages for mental anguish and loss of society and companionship in a wrongful death case, the trier of fact shall be instructed that it may consider (1) the relationship between husband and wife, or a parent and child; (2) the living arrangements of the parties; (3) any absence of the deceased from the beneficiary for extended periods; (4) the harmony of family relations; and (5) common interests and activities."); 2010 Texas Pattern Jury Charge 81.6. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. Fed. R. Evid. 403. Finally, Rule 404(b) is not applicable because this evidence is not being offered to prove Regina Jackson's character in order to show that on a particular occasion she acted in accordance with that character. *See id.* 404(b).

**Plaintiffs' Motion in Limine #13**: "Any evidence, statement, or argument that Regina Jackson was convicted of a crime regarding any of the aforementioned items (12 a-g). The probative value of admitting evidence of these convictions does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a)(1); *United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991)."

**Travis County's Response to Plaintiffs' Motion in Limine #13**: Evidence, statements, or arguments that Regina Jackson was convicted of a crime regarding the items listed in #12 a-g should not be excluded for the reasons stated in the previous objection, #12, which are adopted and incorporated into this response.

**Plaintiffs' Motion in Limine #14**: "Any evidence, statement, or argument of **other crimes, wrongs, or acts to prove the character of Rudolf Williamson** to show that he acted in conformity therewith at any other time in question, or that she has a character for untruthfulness. *See* Fed. R. Evid. 404(b), 608. Such conduct is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b). To the extent conduct is probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403.

Specifically, Defendants should be prohibited from introducing evidence concerning Regina Jacksons:

2. Alleged transience.
3. Alleged assaultive behavior.
4. Alleged domestic abuse, conduct resulting in domestic disturbance calls.
5. Alleged failure to pay child support, contempt for failure to pay child support or appear at hearings concerning child support.
6. Alleged theft.
7. Alleged blue warrants.
8. Alleged or admitted illicit drug use, possession or intent to sell.
9. Alleged evasion of arrest or resisting arrest.
10. Alleged stalking." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #14** Evidence of crimes, wrongs, or other acts by Rudolph Williamson are directly relevant to and probative of Rudolph Williamson's claim for mental anguish and loss of consortium. Specifically, evidence related to Rudolph Williamson's (a) alleged transience, (b) assaultive behavior, (c) domestic abuse, (d) failure to pay child support, and (g) illicit drug use are all directly relevant to the jury's determination of Rudolph Williamson's mental anguish and loss of society and companionship damages, if any. As previously explained, in determining whether Rudolph Williamson is entitled to mental anguish and loss of society and companionship damages the jury must be instructed that it may consider (1) the relationship between Rachel Jackson and Rudolph Williamson; (2) the living arrangements of the parties; (3) any extended absences from one another; (4) the harmony of their family relations; and (5) common interests and activities. *See Moore*, 722 S.W.2d at 688; 2010 Texas Pattern Jury Charge 81.6. Rudolph Williamson's transience, assaultive

behavior, domestic abuse, and failure to pay child support all inform the jury on each of these elements. Furthermore, evidence of crimes, wrongs, or other acts by Rudolph Williamson are admissible under Rule 609 for impeachment purposes. Fed. R. Evid. 609(a). Rudolph Williamson's felony convictions for illicit drug use, possession or intent to sell are admissible for attacking his character for truthfulness because these convictions were punishable by imprisonment for more than one year and Rudolph Williamson is not a defendant in this case. *Id.* 609(a)(1)(A). In addition, Rudolph Williamson's theft convictions are admissible for attacking his credibility because the required elements of the crime required proving a dishonest act or false statement. *Id.* 609(a)(2). To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. *Id.* 403. Finally, Rule 404(b) is not applicable because this evidence is not being offered to prove Rudolph Williamson's character in order to show that on a particular occasion he acted in accordance with that character. *See id.* 404(b).

**Plaintiffs' Motion in Limine #15**: "Any evidence, statement, or argument that **Rudolf Williamson was convicted of a crime regarding any of the aforementioned items (14 a-i).** The probative value of admitting evidence of these convictions does not outweigh its prejudicial effect. *See* Fed. R. Evid. 609(a)(1); *United States v. Motley*, 940 F.2d 1079, 1083 (7th Cir. 1991)." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #15**: Evidence, statements, or arguments that Rudolf Williamson was convicted of a crime regarding the items listed in #14 a-i should not be excluded for the reasons stated in the previous objection, #14, which are adopted and incorporated into this response.

**Plaintiffs' Motion in Limine #16**: "Any evidence, statement or argument concerning **Regina Jackson's or Rudolf Williamson's love life, sexual activity, sexual partners or whether either has a sexually transmitted disease,** as such is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b), 609(d). To the extent such details are probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403. Specifically, this item includes **any alleged sexual activity or domestic dispute between Regina Jackson or Rudolf Williamson, including in July of 2010,** excepting only the fact that they had sexual activity to result in children." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #16**: Evidence regarding any domestic dispute between Regina Jackson or Rudolf Williamson, including a dispute in July of 2010, is relevant to the jury's determination of Regina Jackson's and Rudolf Williamson's mental anguish and loss of society and companionship damages, if any. *See Moore*, 722 S.W.2d at 688. Specifically, this evidence is relevant to the jury's consideration of the harmony of family relations. *See id.* This evidence should also not be excluded for the reasons stated in objections #12-15, which are adopted and incorporated into this response. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. Fed. R. Evid. 403. Travis County does not object to the exclusion of any other evidence concerning Regina Jackson's or Rudolf Williamson's love life, sexual activity, sexual partners or whether either has a sexually transmitted disease.

**Plaintiffs' Motion in Limine #17**: "Any evidence, statement, or argument **concerning a crime or activity involving a crime that resulted in a conviction occurring more than ten years ago.** The probative value of admitting evidence of such a conviction does not substantially outweigh its prejudicial effect. *See* Fed. R. Evid. 609(b)." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #17:** To the extent more than 10 years have passed since Rudolf Williamson's conviction(s) or release from confinement for transience, domestic abuse, failure to pay child support, theft, or illicit drugs, the probative value of such evidence substantially

outweighs its prejudicial effect. *See* Fed. R. Evid. 609(b). Specifically, Rudolph Williamson's felony convictions for illicit drug use, possession or intent to sell drugs are probative of his character for truthfulness because these convictions were punishable by imprisonment for more than one year and Rudolph Williamson is not a defendant in this case. *Id.* 609(a)(1)(A). Rudolph Williamson's theft convictions are also probative of his credibility because the required elements of the crime required proving a dishonest act or false statement. *Id.* 609(a)(2). Furthermore, evidence related to Rudolph Williamson's domestic abuse, transience, failure to pay child support, and illicit drug use is probative of Rudolph Williamson's mental anguish and loss of society and companionship damages, if any. *See Moore*, 722 S.W.2d at 688; 2010 Texas Pattern Jury Charge 81.6.

**Plaintiffs' Motion in Limine #21**: "Any evidence, statement or argument concerning **Regina Jackson or Rudolf Williamson applying for or receiving public assistance, such as food stamps, welfare, or social security disability** as such is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b), 609(d). To the extent such details are probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #21**: Evidence concerning Rudolf Williamson's application for or receipt of public assistance is relevant to the factual background of how, when, and why Rudolf Williamson was determined to be Rachel Jackson's father through a paternity test, which is relevant to the jury's determination of (1) the relationship between Rudolph Williamson and Rachel Jackson; (2) whether there was any extended absences from one another; and (3) the harmony of their family relations. *See Moore*, 722 S.W.2d at 688; 2010 Texas Pattern Jury Charge 81.6. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. Fed. R. Evid. 403. Rule 404(b) is not applicable because this evidence is not being offered to prove Regina Jackson's or Rudolf Williamson's character in order to show that on a particular occasion they acted in accordance with that character. *See id.* 404(b). Rule 609(d) is also not applicable because Rule 609(d) governs when juvenile adjudications are admissible. *Id.* 609(d).

**Plaintiffs' Motion in Limine #23**: "Any evidence, statement or argument concerning **statements about Rudolf Williamson made by children of Rudolf Williamson, or mothers of Rudolf Williamson**, as such statements are hearsay and are not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b), 609(d). To the extent such details are probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value.     Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #23**: Evidence, statements, or arguments regarding statements about Rudolf Williamson made by children of Rudolf Williamson, or mothers of Rudolf Williamson, are relevant to the jury's determination of Rudolph Williamson's mental anguish and loss of society and companionship damages, if any. *See Moore*, 722 S.W.2d at 688. Specifically, this evidence is relevant to and probative of (1) the relationship between Rudolph Williamson and Rachel Jackson, and (2) the harmony of family relations. *See id.* To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. Fed. R. Evid. 403. Rule 404(b) is not applicable because this evidence is not being offered to prove Rudolf Williamson's character in order to show that on a particular occasion he acted in accordance with that character. *See id.* 404(b). To the extent that Rule 404(b) does apply, these statements are admissible under Rule 405(b) because Rudolph Williamson's character or character trait is an essential element of his wrongful death damages claim since his character or character trait is probative of the magnitude of the loss that he suffered as a result of Rachel Jackson's passing. *See id.* 405(b) (stating that "when a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may be also be proved by relevant specific instances of the person's conduct.").

**Plaintiffs' Motion in Limine #24**: "Any evidence, statement or argument concerning **warrants for the arrests of Rudolf Williamson or Regina Jackson, or conditions of probation or parole of Rudolf Williamson or Regina Jackson,** as such is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b), 609(d). To the extent such details are probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #24**: Evidence that Regina Jackson could not visit Rachel Jackson at TCCC either before or after Rachel Jackson's death because of an outstanding warrant for Regina Jackson's arrest is relevant to and probative of Regina Jackson's claim for mental anguish and loss of consortium. In particular, this evidence is relevant to and probative of: (1) the relationship between Rachel Jackson and Regina Jackson; (2) their living arrangements; and (3) any extended absences from one another. *See Moore*, 722 S.W.2d at; 2010 Texas Pattern Jury Charge 81.6. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. Fed. R. Evid. 403. Finally, Rule 404(b) is not applicable because this evidence is not being offered to prove Regina Jackson's character in order to show that on a particular occasion she acted in accordance with that character. *See id.* 404(b).

**Plaintiffs' Motion in Limine #25**: "Any evidence, statement or argument concerning **the incarceration of Rudolf Williamson or Regina Jackson,** other than for Rudolf Williamson to explain where he was when he heard of Rachel Jackson's death, and why at times he was not able to visit with or support his children, including Rachel Jackson, as such is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b), 609(d). To the extent such details are probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #25**: Evidence concerning the incarceration of Rudolf Williamson and Regina Jackson is relevant and necessary for the jury to determine Rudolf Williamson's and Regina Jackson's mental anguish and loss of society and companionship damages, if any. *See Moore*, 722 S.W.2d at 688. Specifically, evidence concerning the incarceration of Rudolf Williamson and Regina Jackson is relevant to the jury's consideration of (1) the relationship between Rudolf Williamson or Regina Jackson with Rachel Jackson; (2) any extended absences from one another; and (3) the harmony of their family relations. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. Fed. R. Evid. 403. Rule 404(b) is not applicable because this evidence is not being offered to prove Regina Jackson's or Rudolf Williamson's character in order to show that on a particular occasion they acted in accordance with that character. *See id.* 404(b). Rule 609(d) is also not applicable because Rule 609(d) governs when juvenile adjudications are admissible. *Id.* 609(d).

**Plaintiffs' Motion in Limine #26**: "Any evidence, statement or argument concerning **the NOKIA article concerning the incident that is the basis of this suit, or Rudolf Williamson's discussions with any NOKIA reporter or statements made thereto,** as such is not relevant to or probative of any issue to be determined by the jury. *See* Fed. R. Evid. 401, 404(b), 609(d). To the extent such details are probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #26**: Evidence, statements or arguments regarding the NOKIA article and Rudolf Williamson's discussions with NOKIA reporters or statements made thereto are relevant to the credibility of Rudolf Williamson. Fed. R. Evid. 608(b) (stating that "the court may, on cross-examination, allow [specific instances of conduct] to be inquired into if they are

probative of the character for truthfulness or untruthfulness of: (1) the witness....''). To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. *Id.* 403. Rule 404(b) is not applicable because this evidence is not being offered to prove Rudolf Williamson's character in order to show that on a particular occasion he acted in accordance with that character. *Id.* 404(b). Rule 609(d) is also not applicable because Rule 609(d) governs when juvenile adjudications are admissible. *Id.*

**Plaintiffs' Motion in Limine #37**: "Any evidence, statement, or argument **that Defendant paid for Rachel Jackson's medical or funeral/burial expenses.** *See* Fed. R. Evid. 409." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #37**: Travis County does not object to the exclusion evidence regarding whether Travis County paid for Rachel Jackson's funeral/burial expenses. *See* Def. Travis County's Mot. Limine, at 6 ¶ 21. However, Rule 409 is not grounds for excluding evidence that Travis County paid for Rachel Jackson's medical expense because this evidence is not being used to prove liability for Rachel Jackson's injury. *See* Fed. R. Evid. 409 (stating that "[e]vidence of furnishing, promising to pay, or offering to pay medical, hospital, or similar expenses resulting from an injury is *not admissible to prove liability for the injury*) (emphasis added).

**Plaintiffs' Motion in Limine #39**: "Any evidence, statement, or argument **suggesting Rachel Jackson's death was the result of illicit drug use,** as there is no competent or qualified evidence for such a suggestion, and it is not relevant to or probative of any issue to be determined by the jury. Fed. R. Evid. 401, 404(b), 601, 602, 701, 702, 703. To the extent such evidence is probative of any legitimate issue, the danger of unfair prejudice substantially outweighs any such probative value. Fed. R. Evid. 403." (emphasis in the original).

**Travis County's Response to Plaintiffs' Motion in Limine #39**: Evidence regarding whether Rachel Jackson's death may have resulted from her illicit drug use is relevant to the jury's determination of contributory negligence and causation. Specifically, there is evidence demonstrating that Rachel Jackson was taking "wet" (a drug mixture including formaldehyde) immediately prior to her incarceration on July 15, 2008. The Brackenridge Hospital toxicology report dated July 15, 2008 indicates that Rachel Jackson tested positive for marijuana, cocaine, and benzodiazepines five days prior to her death. Additionally, the post-mortem toxicology report reveals the presence of marijuana metabolites in Rachel Jackson's blood at the time of her death. Based on this evidence, the Chief Medical Examiner for Dallas County, Dr. Jeffrey Bernard, has testified that Rachel Jackson's illicit drug use cannot be ruled out as a proximate cause of Rachel Jackson's death. Furthermore, the Chief Medical Examiner at the Travis County Medical Examiner Department who conducted the autopsy of Rachel Jackson, Dr. David Dolinak, reached the same conclusion. Thus, evidence of Rachel Jackson's illicit drug use prior to her death is therefore relevant to the jury's determination regarding the proximate cause of Rachel Jackson's death. Moreover, contrary to Plaintiffs' conclusory allegation, this competent and qualified evidence satisfies the requirements of Rules 601 (competency to testify), 602 (need for personal knowledge), 701 (opinion testimony of law witness), 702 (testimony by expert witness), and 703 (bases of an expert's opinion testimony). *See* Fed. R. Evid. 601, 602, 701, 702, 703. To the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. *Id.* 403. Rule 404(b) is not applicable because the evidence is not being offered to prove Rachel's character in order to show that on a particular occasion she acted in accordance with that character. *See id.* 404(b).

**Plaintiffs' Motion in Limine #41**: "Any evidence, statement, or argument that **Plaintiffs or Rachel Jackson underwent treatment for drug addiction.** Such treatment has no bearing on any issue in this case, and the evidence would unduly prejudice the plaintiff. *See* Fed. R. Evid. 401-403." (emphasis in the original).

264138-1

**Travis County's Response to Plaintiffs' Motion in Limine #41**: Evidence regarding whether Plaintiffs or Rachel Jackson underwent treatment for drug addiction is relevant and necessary for the jury to determine Plaintiffs' mental anguish and loss of society and companionship damages, if any. *See Moore*, 722 S.W.2d at 688. Specifically, such information is relevant to the jury consideration of: (1) the living arrangements of the parties; (2) extended absences from one another; and (3) the harmony of their family relations. *See id*; 2010 Texas Pattern Jury Charge 81.6. In particular, Rudolf Williamson testified that he drove Rachel Jackson to rehab treatment for drug addiction, and therefore, evidence that Rachel Jackson underwent treatment for drug addiction is relevant to and probative of the jury's consideration of the relationship between Rudolf Williamson and Rachel Jackson. Furthermore, evidence regarding whether Rachel Jackson underwent treatment for drug addiction is relevant to causation and contributory negligence. Finally, to the extent such details present any danger of prejudice, the probative value of this evidence substantially outweighs that danger. *Id*. 403.

**Plaintiffs' Motion in Limine #43**: "Any evidence, statement or argument regarding Rudolf Williamson's relationship with children other than Rachael [sic] Jackson."

**Travis County's Response to Plaintiffs' Motion in Limine #43**: Evidence, statements, or arguments regarding Rudolf Williamson's relationship with children other than Rachel Jackson are relevant to the jury's determination of Rudolph Williamson's mental anguish and loss of society and companionship damages, if any. *See Moore*, 722 S.W.2d at 688. Specifically, this evidence is relevant to jury's determination of (1) the relationship between Rudolph Williamson and Rachel Jackson; (2) whether there was any absence of Rudolph Williamson for extended periods; and (3) the harmony of family relations. *See id*. This evidence also helps the jury to understand Rudolf Williamson's attitude(s) towards his paternal obligations to his children and his personal philosophy towards fatherhood.

**Plaintiffs' Motion in Limine #45**: "Any evidence, statement or argument regarding a paternity test to determine the paternity of Rachael [sic] Jackson."

**Travis County's Response to Plaintiffs' Motion in Limine #45**: Evidence, statements, or arguments regarding a paternity test to determine the paternity of Rachel Jackson are relevant and necessary to the jury's determination of Rudolph Williamson's mental anguish and loss of society and companionship damages, if any. Specifically, the paternity test did not reveal that Rudolf Williamson was Rachel Jackson's father until only a few years before Rachel Jackson's death, and therefore, this evidence is directly relevant to and probative of: (1) the relationship between Rachel Jackson and Rudolf Williamson; (2) their living arrangements; (3) any extended absences from one another; (4) the harmony of their family relations; and (5) their common interests and activities. *See Moore*, 722 S.W.2d at 688; 2010 Texas Pattern Jury Charge 81.6

**Plaintiffs' Motion in Limine #46**: "Any evidence, statement or argument that Rudolf Williamson is not the father listed on Rachael [sic] Jackson's birth certificate."

**Travis County's Response to Plaintiffs' Motion in Limine #46**: Evidence that Rudolf Williamson is not the father listed on Rachel Jackson's birth certificate is relevant to and probative of Rudolf Williamson's claim for mental anguish damages and loss of consortium damages. In particular, Rachel Jackson did not learn Rudolf Williamson was her father until only a few years before her death, and therefore, the evidence is directly relevant to and probative of: (1) the relationship between Rachel Jackson and Rudolf Williamson; (2) their living arrangements; (3) any extended absences from one another; (4) the harmony of their family relations; and (5) their common interests and activities. *See Moore*, 722 S.W.2d at 688; 2010 Texas Pattern Jury Charge 81.6.

## II. Prayer

WHEREFORE, Defendant Travis County prays that Defendant's Objections be granted, and that they receive any and all further relief to which Defendant may be justly entitled.

                                        Respectfully submitted,

                                        **DAVID A. ESCAMILLA**
                                        County Attorney, Travis County
                                        P. O. Box 1748
                                        Austin, Texas 78767
                                        Telephone: (512) 854-9513
                                        Facsimile: (512) 854-4808

By:    <u>/s/ Elaine Casas</u>
          Elaine Casas
          Assistant Travis County Attorney
          State Bar No. 00785750

          Jennifer Kraber
          Assistant Travis County Attorney
          State Bar No. 24027426

          **ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of January 2012, I electronically filed that foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Elaine A. Casas
Jennifer Kraber
P.O. Box 1748
Austin, Texas 78767
**Attorneys for Defendant Travis County**

Paul Byron Starr
301 Congress Avenue, Ste. 1700
Austin, Texas 78701
**Attorney for Co-Defendant Dr. Ford**

Plaintiffs Regina Jackson & Rudolf Williamson
c/o Sean M. Lyons, Attorney and Scott Hendler, Attorney
Henderlaw, P.C.
1301 West 25th Street, Suite 400
Austin, Texas 78705
**Attorneys for Plaintiffs**

/s/ Elaine Casas
Elaine Casas
Jennifer Kraber

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

REGINA JACKSON AND RUDOLF §
WILLIAMSON, INDIVIDUALLY, AND §
ON BEHALF OF THE ESTATE OF §
RACHEL JACKSON, DECEASED §
*Plaintiffs,* §
§ Case No. A-10-CA-522-SS
vs. §
§
JOHN S. FORD, M.D., and §
TRAVIS COUNTY, TEXAS §
*Defendants.* §

## ORDER IN LIMINE

After considering Plaintiff's Motion in Limine and response, the court ORDERS Defendants, counsel for Defendants, and all witnesses called on behalf of Defendants to refrain from any mention or interrogation, directly or indirectly, including offering documentary evidence, about any of the following matters without first requesting and obtaining a ruling from the court, outside the presence and hearing of all prospective jurors and jurors ultimately selected in this case, on the admissibility of the matter:

1. Any evidence, statement or argument concerning **the details of Rachel Jackson's arrest on July 15, 2008 or previous arrests or incarcerations.**

    Agreed _____   Granted _____   Denied _____

2. Any evidence, statement or argument concerning **Rachel Jackson's behavior at any time before July 17, 2008.**

    Agreed _____   Granted _____   Denied _____

3. Any evidence, statement or argument concerning **Rachel Jackson's alleged use of PCP or "wet."**

    Agreed _____   Granted _____   Denied _____

4. Any evidence, statement or argument concerning **Rachel Jackson's love life or sexual activity**, other than her boyfriend at the time of her death.

   Agreed _____ Granted _____ Denied _____

5. Any evidence, statement or argument concerning **the criminal record or criminal behavior of any of Rachel Jackson's friends, boyfriends, or family members.**

   Agreed _____ Granted _____ Denied _____

6. Any evidence, statement or argument concerning **Rachel Jackson's juvenile criminal activity or adjudications.**

   Agreed _____ Granted _____ Denied _____

7. Any evidence, statement or argument that **Rachel Jackson had income from criminal activity, or that her parents encouraged, aided or abetted, or received any benefit from Rachel Jackson's criminal activity.**

   Agreed _____ Granted _____ Denied _____

8. Any evidence, statement or argument that **Rachel Jackson's behavior, mental illness or physical defect, specifically the cyst found in her brain on autopsy, was the result of either parent's alcohol use, drug use or addiction issues.**

   Agreed _____ Granted _____ Denied _____

9. Any evidence, statement or argument concerning **any arrest of Regina Jackson or Rudolf Williamson that did not result in a conviction.**

   Agreed _____ Granted _____ Denied _____

10. Any evidence, statement or argument concerning **any arrest or conviction of Regina Jackson or Rudolf Williamson that was a juvenile adjudication.**

    Agreed _____ Granted _____ Denied _____

11. Any evidence, statement or argument concerning **any arrest of Regina Jackson or Rudolf Williamson that did not result in a conviction.**

    Agreed _____ Granted _____ Denied _____

12. Any evidence, statement, or argument of **other crimes, wrongs, or acts to prove the character of Regina Jackson** to show that she acted in conformity therewith at any other time in question, or that she has a character for untruthfulness.

Specifically, Defendants should be prohibited from introducing evidence concerning Regina Jacksons:

   a. Alleged transience.
   b. Alleged assaultive behavior
   c. Alleged making of false reports to authorities.
   d. Alleged open container and public intoxication violations.
   e. Alleged theft.
   f. Alleged blue warrants.
   g. Alleged illicit drug use and need for drug rehabilitation.

Agreed _____ Granted _____ Denied _____

13. Any evidence, statement, or argument that Regina Jackson was convicted of a crime regarding any of the aforementioned items (12 a-g).

Agreed _____ Granted _____ Denied _____

14. Any evidence, statement, or argument of **other crimes, wrongs, or acts to prove the character of Rudolf Williamson** to show that he acted in conformity therewith at any other time in question, or that she has a character for untruthfulness.

Specifically, Defendants should be prohibited from introducing evidence concerning Regina Jacksons:

   a. Alleged transience.
   b. Alleged assaultive behavior.
   c. Alleged domestic abuse, conduct resulting in domestic disturbance calls.
   d. Alleged failure to pay child support, contempt for failure to pay child support or appear at hearings concerning child support.
   e. Alleged theft.
   f. Alleged blue warrants.
   g. Alleged or admitted illicit drug use, possession or intent to sell.
   h. Alleged evasion of arrest or resisting arrest.
   i. Alleged stalking.

Agreed _____ Granted _____ Denied _____

15. Any evidence, statement, or argument that **Rudolf Williamson was convicted of a crime regarding any of the aforementioned items (14a-i).**

Agreed _____ Granted _____ Denied _____

16. Any evidence, statement or argument concerning **Regina Jackson's or Rudolf Williamson's love life, sexual activity, sexual partners or whether either has a sexually transmitted disease.** Specifically, this item includes **any alleged sexual**

activity or domestic dispute between Regina Jackson or Rudolf Williamson, including in July of 2010, excepting only the fact that they had sexual activity to result in children.

   Agreed _____ Granted _____ Denied _____

17. Any evidence, statement, or argument concerning **a crime or activity involving a crime that resulted in a conviction occurring more than ten years ago.**

   Agreed _____ Granted _____ Denied _____

18. Any evidence, statement or argument concerning **Rudolf Williamson's age, including his age at the time he impregnated Regina Jackson with any child, or any suggestion that Rudolf Williamson is guilty of statutory rape.**

   Agreed _____ Granted _____ Denied _____

19. Any evidence, statement or argument concerning **Regina Jackson being disqualified to work around the elderly.**

   Agreed _____ Granted _____ Denied _____

20. Any evidence, statement or argument concerning **Regina Jackson or Rudolf Williamson being disqualified to receive any public benefit, such as food stamps.**

   Agreed _____ Granted _____ Denied _____

21. Any evidence, statement or argument concerning **Regina Jackson or Rudolf Williamson applying for or receiving public assistance, such as food stamps, welfare, or social security disability.**

   Agreed _____ Granted _____ Denied _____

22. Any evidence, statement or argument concerning **the revocation of Regina Jackson's or Rudolf Williamson's driver's license.**

   Agreed _____ Granted _____ Denied _____

23. Any evidence, statement or argument concerning **statements about Rudolf Williamson made by children of Rudolf Williamson, or mothers of Rudolf Williamson.**

   Agreed _____ Granted _____ Denied _____

24. Any evidence, statement or argument concerning **warrants for the arrests of Rudolf Williamson or Regina Jackson, or conditions of probation or parole of Rudolf Williamson or Regina Jackson.**

Agreed _____ Granted _____ Denied _____

25. Any evidence, statement or argument concerning **the incarceration of Rudolf Williamson or Regina Jackson**, other than for Rudolf Williamson to explain where he was when he heard of Rachel Jackson's death, and why at times he was not able to visit with or support his children, including Rachel Jackson.

Agreed _____ Granted _____ Denied _____

26. Any evidence, statement or argument concerning **the NOKIA article concerning the incident that is the basis of this suit, or Rudolf Williamson discussions with any NOKIA reporter or statements made thereto.**

Agreed _____ Granted _____ Denied _____

27. Any evidence, statement, or argument about **settlement negotiations.**

Agreed _____ Granted _____ Denied _____

28. Any evidence, statement, or argument suggesting that **Plaintiffs, through their attorney, asserted claims of privilege** during discovery.

Agreed _____ Granted _____ Denied _____

29. Any attempt to elicit **testimony from plaintiffs about communications with their attorneys.**

Agreed _____ Granted _____ Denied _____

30. Any evidence, statement, or argument of **Defendant's financial adversity or of any effect a verdict might have upon Defendant's finances or upon taxpayers, the Travis County budget or insurance rates.**

31. Any evidence, statement, or argument that **Plaintiffs have not filed income-tax returns or paid income tax.**

Agreed _____ Granted _____ Denied _____

32. Any evidence, statement, or argument of the **probable testimony** of a witness who is absent, unavailable, not called to testify in this case, or not allowed to testify in this case.

Agreed _____ Granted _____ Denied _____

33. Any attempt to **ask opposing counsel to produce documents, to stipulate to any fact, or to make any agreement** in the presence of the jury.

Agreed _____ Granted _____ Denied _____

34. Any **statement of the law**, other than one about the burden of proof and the basic legal definitions counsel believe to be applicable, before the court rules on the law applicable to this case.

    Agreed _____ Granted _____ Denied _____

35. Any evidence, statement, or argument **that Plaintiff's attorney has a contingency fee in the suit.**

    Agreed _____ Granted _____ Denied _____

36. Any evidence, statement, or argument **that Plaintiff's or Rachel Jackson received free medical care.**

    Agreed _____ Granted _____ Denied _____

37. Any evidence, statement, or argument **that Defendant paid for Rachel Jackson's medical or funeral/burial** expenses.

    Agreed _____ Granted _____ Denied _____

38. Any evidence, statement, or argument **that any Plaintiff was involved in other lawsuits.**

    Agreed _____ Granted _____ Denied _____

39. Any evidence, statement, or argument **suggesting Rachel Jackson's death was the result of illicit drug use.**

    Agreed _____ Granted _____ Denied _____

40. Any evidence, statement, or argument concerning **publicity** about this case, or any suggestion that the publicity is true or correct.

    Agreed _____ Granted _____ Denied _____

41. Any evidence, statement, or argument that **Plaintiffs or Rachel Jackson underwent treatment for drug addiction.**

    Agreed _____ Granted _____ Denied _____

42. Any evidence, statement, or argument concerning a **claim, lawsuit, verdict, or judgment having an adverse effect on costs and availability of governmental, medical or other goods or services.**

Agreed _____ Granted _____ Denied _____

43. Any evidence, statement or argument regarding Rudolf Williamson's relationship with children other than Rachel Jackson.

    Agreed _____ Granted _____ Denied _____

44. Any evidence, statement or argument regarding the employment, life style, education, health, or cause of death of any of Rudolf Williamson's children other than Rachel Jackson.

    Agreed _____ Granted _____ Denied _____

45. Any evidence, statement or argument regarding a paternity test to determine the paternity of Rachel Jackson.

    Agreed _____ Granted _____ Denied _____

46. Any evidence, statement of argument that Rudolf Williamson is not the father listed on Rachel Jackson's birth certificate.

    Agreed _____ Granted _____ Denied _____

_____
UNITED STATES DISTRICT JUDGE