IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REGINA JACKSON AND RUDOLF WILLIAMSON, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF RACHEL JACKSON, DECEASED | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. A:10-CA-522-SS |
| JOHN S. FORD, M.D. AND TRAVIS COUNTY, TEXAS | § § § § | |
| Defendants. | § | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT TRAVIS COUNTY'S MOTION IN LIMINE

Plaintiffs, by and through the undersigned counsel, respectfully submit the following response to Defendant Travis County's Motion in Limine.

### Agreed Motions

Plaintiffs agree to Defendant Travis County's Motions 1, 2, 3, 5, 6, 8, 12, 16, 18, 19, 21, 22, 23, 24, and 25.

### Motions 9, 10, and 11 should be mutual

Motion 9, 10, and 11 are written to only apply to Plaintiffs. Plaintiffs are happy to agree to the Motion so long as the proscribed conduct applies mutually to all parties, including all named Defendants. There is no evidentiary basis justifying the application of these motions only to Plaintiffs, and if the subjects addressed in these motions are indeed unfairly prejudicial, the Court should preclude all parties from engaging in such conduct.

### Disputed Motions

**Motions 7, 13, 14, 15, and 25 are not proper subjects for motion in limine because they do not concern evidence that is potentially unfairly prejudicial.**

"The purpose of a motion in limine is to prevent [a] party from asking prejudicial questions or introducing prejudicial evidence in front to the jury." Black's Law Dictionary 1109 (9th ed. 2009). To be granted, the movant must be able to explain why a trial objection, and if necessary a curative instruction, would not adequately protect the movant. Motions 7, 13, 14, and 15 fail to claim what the actually prejudice would be to Defendant Travis County, why that prejudice is unfair, and why a trial objection will not adequately protect the County's interest. For these reasons, Motions 7,13,14,15, and 25 should be denied in their entirety.

**Motion 4. Any attempt to show the jury any document not previously admitted in to evidence and *any attempt to summarize the contents of any document not previously admitted into evidence.***

Plaintiffs take issue only with the second part of Defendant Travis County's Motion number four (4), italicized above. It is not supported by any referenced authority. The practical effect of the motion as written would be to foreclose the parties' opportunity to give an opening statement, which by its nature requires the parties to summarize evidence that has yet to be admitted, and prevent experts from summarizing all materials they have reviewed or relied on to form their opinions as allowed under Fed. R. Evid. Rule 703 ("…the facts or date need not be admissible in evidence in order to the opinion tor inference to be admitted). As such, the second portion of Motion number four (4) should be denied.

**Motion 7. Any reference to any evidence, affidavits, or witness testimony unless previously designated in discovery requests.**

Plaintiffs object to this motion because it is vague, ambiguous, overly broad, does not specify the discovery requests that are being referenced, and is not supported by the rules referenced. Without more detail, it is unclear what exactly Defendant Travis County intends

to be excluded and impossible for the Court or Plaintiffs to determine the what, if any, prejudicial effect the evidence would have. As such, Plaintiffs respectfully request that the motion be denied in its entirety.

**Motion 13. Any comment, suggestion or reference to the negligence or negligent acts of non-employees of Travis County, with the exception of Dr. Ford**

Travis County's request is overly broad in that it seeks to exclude relevant evidence that has no tendency to unduly prejudice Defendant or confuse the issues.

Travis County's motion would exclude testimony regarding or mention of the Travis County pharmacist, nurses and a medical assistant, and possibly others, who worked within Travis County's facility, who administered and dispensed medication, the tangible personal property at issue (Mellaril). Regardless of the alleged employment status of the nurses, the nurses are an integral part of the chain of command in Travis County Corrections Center and are relied on by Defendant Dr. Ford and Pharmacist Diana Gonzalez to provide health care for inmates. The acts and omissions of these individuals are relevant because Travis County is responsible for their acts and omissions pursuant to *respondeat superior*. Further, the acts and omissions of these individuals is relevant to the question of whether Defendant Dr. Ford and others at Travis County Sheriff's Office were justified in relying upon such individuals to safely dispenses and administer medication to Rachel Jackson. To exclude testimony or mention of these nurses would cause confusion among the jury by leaving a huge gap in the story of how drugs are in fact dispensed and administered by Travis County.

Finally, to the extent that there is particular testimony or particular witnesses that are outside the scope of relevance or that would be unfairly prejudicial to the Defendants, the matter can be raised through objection at the time the evidence is offered.

**Motion 14. Any comment, suggestion or reference to the investigation concerning**

**the checks for living breathing bodies, and the discipline that certain officers received regarding their infractions.**

Evidence relating to the investigation concerning the checks for living breathing bodies is relevant under Rule 401 because it is probative of whether the Defendant Travis County habitually enforced its own protocols, policies and procedures regarding issues that concerned inmate safety, making it relevant to the question of whether Defendant Dr. Ford and Travis county were justified in relying upon corrections officers to inform medical personnel of Rachel Jackson's side-effects to medication. Such evidence is also relevant and probative regarding time of death, the symptoms Rachel was exhibiting before she died, and causation in general. The evidence is probative of the culture, environment and conditions in the jail at the time of Rachel's death.

Evidence of discipline that officers received for violating the County's policies is relevant under Fed. R. Evid. Rule 407 to prove the feasibility of precautionary measures and constitutes an admission under Fed. R. Evid. Rule 801 (d) (2) that Travis County corrections officers violated Travis County's policies on an issue of safety.

Finally, the probative value of this evidence is not outweighed by any identified prejudicial effect, and there is no reason to believe that a trial objection will not adequately protect Travis County's interests.

**Motion 15. Any comment, suggestion or reference to the policies, practices or customs of the Travis County Sheriff's Office.**

Plaintiffs' response to Motion 14, above, is equally applicable here. Evidence of policies, practices, or customs of Travis County Sheriff's Office is relevant to the negligence of Travis County and the negligence of Defendants Ford. Reference to the policies, procedures and protocols will be necessary to contrast it to the true practices, customs,

culture, environment and conditions in the jail at the time the subject tangible personal property was used. Moreover, evidence of habit or routine practice of an organization is relevant to prove that the conduct on the organization on a particular occasion was in conformity with their routine practice. Fed. R. Evid. Rule 406. Plaintiffs will show enough specific instances of conduct inconsistent with established policies, procedures and protocols to justify the inference that Travis County agents, servants and/or employees could not be expected to follow any relevant policy, procedure or protocol.

Finally, the probative value of this evidence is not outweighed by any identified prejudicial effect, and there is no reason to believe that a trial objection will not adequately protect Travis County's interests.

**Motion 17. Any complaints about or criticisms of Defendants, their agents, representatives or employees unrelated to this case.**

Motion 17 is vague and ambiguous insofar as the terms "complaints about", "criticisms of defendants", and "unrelated to this case" are not defined. For this reason alone, the motion should be denied.

Further, there are no grounds asserted that would necessitate a evidentiary ruling at this time on these issue, particularly because what is relevant or related to this case may change during the presentation of the evidence.


**Motion 20. Any reference to any subsequent changes or remedial actions taken by Defendants, their agents, representatives or employees as a result of this lawsuit.**

Motion 20 is overly broad and should be limited to evidence that is offered for purposes forbidden under Fed. R. Evid. Rule 407. A blanket prohibition would exclude evidence regarding opportunity and feasibility of Travis County to take corrective measures before Rachel's death, both of which are expressly allowed under Fed. R. Evid. Rule 407. This

request also unnecessarily excludes evidence that is probative of the condition of jail in which Dr. Ford treated Rachel Jackson and the tangible personal property at issue was used, to the extent that any condition or policy has been changed or modified.

Further, Plaintiffs will show that the "remedial measures" taken were half-hearted, white washing, scape-goating and wholly inadequate to address any of the real issues that led to Rachel Jackson's death, and therefore the evidence is relevant under Rule 401 because it has a tendency to show that Dr. Ford and Travis County were more likely than not negligent, because they showed little concern for what happened to Rachel Jackson even after the Medical Examiner of Travis County concluded that she died as a result of the medication prescribed, dispensed and administered to her by Dr. Ford and Travis County.

**Motion 25. That Plaintiffs not offer personal testimony concerning their daughter's medical history or treatment, which would require knowledge or an expert in the medical field.**

Motion 25 is overly broad. Plaintiffs' testimony concerning their daughter's medical history or treatment should only be limited by the rules governing opinions of lay witnesses. Fed. R. Evid. Rule 701. Thus, Plaintiffs should be allowed to testify as to their own observations or perceptions regarding their daughter's medical history or treatment; e.g., Rachel's behavior when she was or was not on particular medications; the progression of Rachel's mental illness as observed by Plaintiffs; and Rachel's treatment history as observed by the Plaintiffs. None of these examples require scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. Rule 702, but rather are based on the personal observations of the Plaintiffs.

Moreover, to the extent that Defendants believe that such testimony moves into the province of Fed. R. Evid. Rule 702, Defendant fails to explain how any prejudice could not

be cured by a timely objection and curative instruction to the jury to disregard the opinion.

>Respectfully submitted,
>HENDLERLAW, P.C.
>
>_____
>Sean M. Lyons
>Texas Bar # 00792280
>1301 W. 25th St., Suite 400
>Austin, Texas 78705
>Telephone: (512) 439-3200
>Facsimile: (512) 439-3201
>ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that a copy of PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT TRAVIS COUNTY'S MOTION IN LIMINE was filed and served on January 20, 2012 on the Court's CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorneys for Defendants:

>**Paul Byron Starr -** *COUNSEL FOR DR. JOHN S. FORD*
>**GERMER GERTZ BEAMAN & BROWN, LLP**
>**301 Congress Avenue, Suite 1700**
>**Austin, Texas 78701**
>**Ph: (512)472-0288   Fax (512)472-0721**
>**pstarr@germer-austin.com**
>
>**Travis County Attorney's Office -** *COUNSEL FOR TRAVIS COUNTY*
>**Jennifer Kraber**
>**Elaine Casas**
>**314 West 11th Street, Suite 520**
>**Austin, Texas, 78701**

>_____
>Sean M. Lyons